Joseph G. Sansone
Chief, Market Abuse Unit
Simona K. Suh
David C. Austin
Cynthia A. Matthews
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY  10004-2616
(212) 336-9146 (Austin)
austinda@sec.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>      -against-<br><br>JOHN-MICHAEL HAVRILLA,<br><br>                Defendant, | **COMPLAINT**<br><br>22 Civ. _____ (     )<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against Defendant John-Michael Havrilla ("Havrilla" or "Defendant"), alleges as follows:

## SUMMARY

1.      This case involves insider trading by Havrilla in advance of the April 9, 2020 announcement of earnings results by his then-employer, the medical device company PAVmed Inc. ("PAVmed").  On or before April 6, 2020, Havrilla, then Director of Investor Relations for PAVmed, received a draft of earnings results for the last quarter and full year of 2019.  Shortly thereafter, on April 7, 2020, while in possession and on the basis of this material nonpublic information, and in breach of his duties to PAVmed and its shareholders, Havrilla purchased

227,500 shares of PAVmed stock.  Following the public release of the results on April 9, 2020,

PAVmed's stock rose by 13.6%, and Havrilla obtained illicit profits of $80,115.

## VIOLATIONS

2.     By virtue of the foregoing conduct and as alleged further herein, Defendant has

violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.

§§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3.     Unless Defendant is restrained and enjoined, he will engage in the acts, practices,

transactions, and courses of business set forth in this Complaint or in acts, practices, transactions,

and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

4.     The Commission brings this action pursuant to the authority conferred upon it by

Exchange Act Sections 21(d) [15 U.S.C. § 78u(d)] and 21A(a) [15 U.S.C. § 78u-1(a)].

5.     The Commission seeks a final judgment: (a) permanently enjoining Defendant from

violating the federal securities laws and rules this Complaint alleges he has violated; (b) ordering

Defendant to pay civil money penalties pursuant to Exchange Act Section 21A(a) [15 U.S.C. § 78u-

1(a)]; (c) prohibiting Defendant from serving as an officer or director of any company that has a

class of securities registered under Exchange Act Section 12 [15 U.S.C. § 78l] or that is required to

file reports under Exchange Act Section 15(d) [15 U.S.C. § 78o(d)], pursuant to Exchange Act

Section 21(d)(2) [15 U.S.C. § 78u(d)(2)]; and (d) ordering any other and further relief the Court may

deem just and proper.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to Exchange Act Section 27 [15

U.S.C. § 78aa].

7.     Defendant, directly and indirectly, has made use of the means or instrumentalities of

interstate commerce or of the mails in connection with the transactions, acts, practices, and courses of business alleged herein.

8.      Venue lies in this District under Exchange Act Section 27 [15 U.S.C. § 78aa]. Certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District.  At all relevant times, PAVmed was headquartered in this District, and Havrilla obtained the material nonpublic information about PAVmed's earnings results, as alleged herein, through events that occurred, in part or in whole, in this District.

## DEFENDANT

9.      **Havrilla**, age 44, is a resident of Portage, Pennsylvania.  Havrilla served as the Director of Investor Relations at PAVmed from September 2018 until August 2021.

## RELEVANT ENTITY

10.      **PAVmed** is a Delaware corporation headquartered in New York, New York. PAVmed is a medical device company focused on medical infusion, hand surgery, pediatric ear infections, and tissue ablation.  At all relevant times, its common stock was registered with the Commission pursuant to Section 12(b) of the Exchange Act and listed on the NASDAQ under the symbol PAVM.

## FACTS

**I.      DEFENDANT'S EMPLOYMENT BY PAVMED**

11.      During his tenure as PAVmed's Director of Investor Relations, Havrilla reported directly to PAVmed's CEO and CFO and had regular access to PAVmed's confidential information.

12.      Havrilla's responsibilities included assisting in preparing quarterly and annual earnings releases, as well as management remarks for PAVmed's investor conference calls and other communications to investors.  In connection with these duties, Havrilla routinely had access to PAVmed's earnings results prior to their public disclosure.

13.     During his employment, Havrilla was subject to PAVmed's Insider Trading Policy (the "Policy"), which prohibited trading in PAVmed securities while in possession of material nonpublic information.  The Policy further required that employees only trade during specified "trading window" periods following public release of financial or other material information, obtain written preclearance of any trades in PAVmed securities, and hold for at least six months any PAVmed securities they purchased.

14.     Havrilla frequently traded in PAVmed securities in several personal brokerage accounts during his tenure with the company.  Contrary to the Policy, he did not seek preclearance for this trading, and his trading often violated the Policy's trading window and holding period provisions.

## II.     DEFENDANT'S APRIL 7, 2020 PURCHASE OF PAVMED STOCK

15.     In early April 2020, as part of his job at PAVmed, Havrilla participated in preparing SEC filings and the press release announcing PAVmed's 2019 fourth quarter and annual earnings results.

16.     On the morning of April 6, 2020, Havrilla received by email a draft of the quarterly and annual earnings results from PAVmed's CFO and participated in an email discussion with PAVmed's CFO about those results.

17.     The next morning, at 7:49 a.m. on April 7, 2020, Havrilla emailed a draft of the quarterly earnings results to the company's CEO.

18.     Approximately three hours later, while in possession of and on the basis of material nonpublic information, Havrilla began buying PAVmed stock for his personal brokerage account, purchasing a total of 227,500 shares by the end of the trading day.  This April 7 trade was Havrilla's largest single-day purchase of PAVmed stock.

19.     In violation of the Policy, Havrilla did not seek preclearance for this purchase, and

the purchase fell outside the permissible trading window period specified in the Policy.

20.     Havrilla knew or recklessly disregarded that the information he possessed on April 7, 2020 about PAVmed's quarterly and annual financial results was material and nonpublic.

21.     Havrilla knew or recklessly disregarded that, by purchasing PAVmed stock on April 7, 2020, as alleged above, Havrilla violated the Policy and his duties to PAVmed and its shareholders.

## III.     PAVMED'S APRIL 9, 2020 EARNINGS RELEASE

22.     On Thursday, April 9, after the market close, PAVmed released its quarterly and annual earnings results.  The release noted that the company's net loss per share for 2019 decreased to $0.55 per share, compared to $0.84 per share for 2018.

23.     On Monday, April 13, 2020, the first trading day after the announcement, PAVmed's stock closed at $2.17 per share, an increase of approximately 13.6% over its April 9, pre-earnings release closing price of $1.91 per share.

24.     On April 13, 2020, in further violation of the Policy, Havrilla sold 27,500 of the shares he had purchased on April 7.  He sold his remaining 227,000 shares between April 20 and 22, 2020.

25.     Through his purchase of PAVmed stock on April 7, 2020, Havrilla obtained total ill-gotten gains of $80,115.

### CLAIM FOR RELIEF
### Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder

26.     The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 25.

27.     Defendant, directly or indirectly, in connection with the purchase or sale of securities and by the use of means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange, knowingly or recklessly has (i) employed one or more devices,

schemes, or artifices to defraud, (ii) made one or more untrue statements of a material fact or omitted to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaged in one or more acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

28.    By reason of the foregoing, Defendant, directly or indirectly, has violated and, unless enjoined, will again violate Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter a Final Judgment:

### I.

Permanently enjoining Defendant and his agents, servants, employees and attorneys and all persons in active concert or participation with any of them from violating, directly or indirectly, Exchange Act Sections 10(b) [15 U.S.C. §§ 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. §§ 240.10b-5].

### II.

Ordering Defendant to pay civil monetary penalties under Exchange Act Section 21A(a) [15 U.S.C. § 78u-1(a)];

### III.

Prohibiting Defendant from serving as an officer or director of any company that has a class of securities registered under Exchange Act Section 12 [15 U.S.C. § 78l] or that is required to file reports under Exchange Act Section 15(d) [15 U.S.C. § 78o(d)], pursuant to Exchange Act Section 21(d)(2) [15 U.S.C. § 78u(d)(2)];

**IV.**

Granting any other and further relief this Court may deem just and proper.

Dated:  New York, New York
        February 22, 2022

<u>s/David C. Austin                          </u>

David C. Austin
Joseph G. Sansone
Simona K. Suh
Cynthia A. Matthews
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY  10004-2616
(212) 336-9146 (Austin)
austinda@sec.gov